UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | | |
|---|---|---|
| SANDY MAILMAN and<br>MELISSA MAY, | ) ) ) ) | |
| Plaintiffs | ) ) | |
| v. | ) ) | Civil Action Docket No. |
| CITY OF WESTBROOK, | ) ) ) | |
| Defendant | ) | |

**DEFENDANT CITY OF WESTBROOK'S**
**ANSWER TO PLAINTIFFS' COMPLAINT**

NOW COMES Defendant City of Westbrook ("Defendant") and answers Plaintiffs'

Complaint as follows:

**<u>PARTIES</u>**

1.      Defendant admits the allegations contained in paragraph 1 of the Complaint.

2.      Defendant admits the allegations contained in paragraph 1 of the Complaint.

3.      Defendant admits the allegations contained in paragraph 3 of the Complaint.

4.      Defendant admits the allegations contained in paragraph 4 of the Complaint.

5.      Defendant admits the allegations contained in paragraph 5 of the Complaint.

6.      Defendant admits the allegations contained in paragraph 6 of the Complaint.

**<u>PROCEDURAL BACKGROUND</u>**

7.      The allegations contained in paragraph 7 of the Complaint call for a legal

conclusion to which an answer is not required.  To the extent an answer is deemed necessary,

Defendant denies the allegations contained in paragraph 7 of the Complaint.

8.      The allegations contained in paragraph 8 of the Complaint call for a legal conclusion to which an answer is not required.  To the extent an answer is deemed necessary, Defendant denies the allegations contained in paragraph 8 of the Complaint.

9.      Defendant admits the allegations contained in paragraph 9 of the Complaint.

10.     The allegations contained in paragraph 10 of the Complaint call for a legal conclusion to which an answer is not required.  To the extent an answer is deemed necessary, Defendant denies the allegations contained in paragraph 10 of the Complaint.

11.     Defendant admits the allegations contained in paragraph 11 of the Complaint.

12.     Defendant admits the allegations contained in paragraph 12 of the Complaint.

## JURY DEMAND

13.     The allegations contained in paragraph 13 of the Complaint do not require a response.

## FACTS

14.     Defendant admits the allegations contained in paragraph 14 of the Complaint.

15.     Defendant admits the allegations contained in the first sentence of paragraph 15 of the Complaint but denies remaining allegations.

16.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint and, therefore, denies the same.

17.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint and, therefore, denies the same.

18.     Defendant admits the allegations contained in paragraph 18 as to the Police Department but denies that it was city-wide management.

19.     Defendant admits the allegations contained in the first and third sentences of paragraph 19 of the Complaint but denies the remaining allegations contained in paragraph 19 of the Complaint.

20.     Defendant denies the allegations contained in paragraph 20 of the Complaint.

21.     Defendant is without knowledge as to the discussions referenced in paragraph 21 of the Complaint and, therefore, denies the same.

22.     Defendant admits the allegations contained in the second and fourth sentences of paragraph 22 of the Complaint but denies the remaining allegations contained in paragraph 22 of the Complaint.

23.     Defendant denies the allegations contained in paragraph 23 of the Complaint.

24.     Defendant denies the allegations contained in paragraph 24 of the Complaint.

25.     Defendant denies the allegations contained in paragraph 25 of the Complaint.

26.     Defendant denies that she was given a warning but admits that she was suspended without pay.

27.     Defendant admits that Morrell received no discipline but denies that Morrell lied about counseling Mailman.

28.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint and, therefore, denies the same.

29.     Defendant admits the allegations contained in the first sentence of paragraph 29 of the Complaint but denies the remaining allegations contained in paragraph 29 of the Complaint.

30.     Defendant admits that light duty is assigned based on the officer's ability to work and the needs of the Police Department.

31.     Defendant admits that Mailman missed an overtime shift received a letter of counseling but denies the remaining allegations contained in paragraph 31 of the Complaint.

32.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint and, therefore, denies the same.

33.     Defendant is without knowledge or information relating to the allegation contained in the first sentence of paragraph 33 of the Complaint but denies the remaining allegations contained in paragraph 33 of the Complaint.

34.     Defendant denies the allegations contained in paragraph 34 of the Complaint.

35.     Defendant denies the allegations contained in paragraph 35 of the Complaint.

36.     Defendant admits the allegations contained in the first sentence of paragraph 36 of the Complaint but denies the remaining allegations contained in paragraph 36 of the Complaint.

37.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Complaint and, therefore, denies the same.

38.     Defendant admits the allegations contained in the first sentence of paragraph 38 of the Complaint but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 38 of the Complaint.

39.     Defendant admits the allegations contained in paragraph 39 of the Complaint.

40.     Defendant admits the allegations contained in the first sentence of paragraph 40 of the Complaint but denies the remaining allegations contained in paragraph 40 of the Complaint.

41.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Complaint and, therefore, denies the same.

42.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Complaint and, therefore, denies the same.

43.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the Complaint and, therefore, denies the same.

44.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the Complaint and, therefore, denies the same.

45.     Defendant admits the allegations contained in paragraph 45 of the Complaint.

46.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the Complaint and, therefore, denies the same.

47.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the Complaint and, therefore, denies the same.

48.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the Complaint and, therefore, denies the same.

49.     Defendant admits the allegations contained in the fifth sentence of paragraph 49 of the Complaint but denies the allegations in the first and third sentences of paragraph 49. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained the fourth sentence of paragraph 49 of the Complaint and, therefore, denies the same.

50.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the Complaint and, therefore, denies the same.

51.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the Complaint and, therefore, denies the same.

52.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the Complaint and, therefore, denies the same.

53.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first, second and fourth sentences of paragraph 53 of the Complaint.  Defendant admits the allegations contained in the third sentence of paragraph 53 of the Complaint.

54.     Defendant denies the allegations contained in paragraph 54 of the Complaint.

55.     Defendant admits that Nugent was the IA officer but denies the remaining allegations contained in paragraph 55 of the Complaint.

56.     Defendant admits the allegations contained in paragraph 56 of the Complaint.

57.     Defendant admits the allegations contained in the first sentence of paragraph 57 of the Complaint but denies the remaining allegations contained in paragraph 57 of the Complaint.

58.     Defendant admits the allegations contained in the first sentence of paragraph 58 of the Complaint but denies the remaining allegations contained in paragraph 58 of the Complaint.

59.     Defendant denies the allegations contained in paragraph 59 of the Complaint.

60.     Defendant admits that Nugent did not speak to May about the back door incident because she was not present.

61.     Defendant admits that Plaintiffs tried to choose their own IA officer but denies the remaining allegations contained in paragraph 61 of the Complaint.

62.     Defendant denies that they were not being helped by Chief Pardue but admit the remaining allegations contained in paragraph 62 of the Complaint.

63.     Defendant admits the allegations contained in the first sentence of paragraph 63 of the Complaint but denies the remaining allegations contained in paragraph 63 of the Complaint.

64.     Defendant denies the allegations contained in the first sentence of paragraph 64 of the Complaint but admits the remaining allegations contained in paragraph 64 of the Complaint.

65.     Defendant denies the allegations contained in paragraph 65 of the Complaint.

66.     Defendant admits the allegations contained in the first sentence of paragraph 66 of the Complaint but denies the remaining allegations contained in paragraph 66 of the Complaint.

67.     Defendant denies the allegations contained in paragraph 67 of the Complaint.

68.     Defendant admits the allegations contained in paragraph 68 of the Complaint.

69.     Defendant admits that she could not be given details of a personnel investigation.

70.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70 of the Complaint and, therefore, denies the same.

71.     Defendant admits the allegations contained in the first and second sentences of paragraph 71 of the Complaint but denies the allegations contained in the third sentence of the paragraph 71 of the Complaint.  The fourth sentence of the Complaint calls for legal conclusion

to which an answer is not required.  To the extent an answer is deemed necessary, Defendant denies the allegations contained in paragraph 71 of the Complaint.

72.     Defendant admits the allegations contained in the first sentence of paragraph 72 of the Complaint but denies the remaining allegations contained in paragraph 72 of the Complaint.

73.     Defendant admits that training was held but denies the remaining allegations contained in paragraph 73 of the Complaint.

74.     Defendant admits that on April 10, 2014, Mailman emailed to ask about the outcome of any investigation but denies the remaining allegations contained in paragraph 74 of the Complaint.

75.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 75 of the Complaint and, therefore, denies the same.

76.     Defendant admits that the mayor decided to reduce the discipline to a written reprimand but denies the remaining allegations contained in paragraph 76 of the Complaint.

77.     Defendant admits the allegations contained in paragraph 77 of the Complaint.

78.     Defendant admits the allegations contained in paragraph 78 of the Complaint.

79.     Defendant admits the allegations contained in the first, second, third and fourth sentences of paragraph 79 of the Complaint.  Defendant admits that May said the allegations contained in the fifth and sixth sentences of the Complaint but deny it was true.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations

9

contained in the seventh sentence of paragraph 79 of the Complaint and, therefore, denies the same.

80.     Defendant admits the first sentence contained in paragraph 80 of the Complaint and denies this was all she was "just" told.

81.     Defendant admits the allegations contained in the first, second and third sentences contained in paragraph 81 of the Complaint but denies the allegations contained in the fourth sentence of paragraph 81 of the Complaint.

82.     Defendant denies the allegations contained in paragraph 82 of the Complaint.

83.     Defendant denies the allegations contained in paragraph 83 of the Complaint.

84.     Defendant admits the allegations contained in paragraph 84 of the Complaint.

85.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 85 of the Complaint and, therefore, denies the same.

86.     Defendant denies the allegations contained in paragraph 86 of the Complaint.

87.     Defendant is without knowledge or information as to allegations contained in the first sentence of paragraph 87 of the Complaint.  Defendant admits the allegations contained in the second sentence of paragraph 87 of the Complaint but denies the remaining allegations contained in paragraph 87 of the Complaint.

88.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 88 of the Complaint and, therefore, denies the same.

89.     Defendant admits the allegations contained in the first sentence of paragraph 87 of the Complaint but denies the remaining allegations contained in paragraph 89 of the Complaint.

90.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 90 of the Complaint and, therefore, denies the same.

91.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 91 of the Complaint and, therefore, denies the same.

92.     Defendants admit the allegations contained in the first and third sentences of the Complaint but is but is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 92 of the Complaint.

93.     Defendant admits the allegations contained in the first sentence of paragraph 93 of the Complaint but is without knowledge or information sufficient to form a belief concerning the report and states that the report speaks for itself.

94.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 94 of the Complaint and, therefore, denies the same.

95.     Defendant denies the allegations contained in paragraph 95 of the Complaint.

96.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 96 of the Complaint and, therefore, denies the same.

97.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 97 of the Complaint and, therefore, denies the same.

98.     Defendant denies the allegations contained in paragraph 98 of the Complaint.

## COUNT I
### Title VII Gender Discrimination

99.     Defendant repeats and realleges its answers to the allegations contained in Paragraphs 1 through 98 above as if fully set forth herein.

100.    Defendant denies the allegations contained in paragraph 100 of the Complaint.

101.    Defendant denies the allegations contained in paragraph 101 of the Complaint.

102.    Defendant denies the allegations contained in paragraph 102 of the Complaint.

103.    Defendant denies the allegations contained in paragraph 103 of the Complaint.

104.    Defendant denies the allegations contained in paragraph 104 of the Complaint.

105.    Defendant denies the allegations contained in paragraph 105 of the Complaint.

106.    Defendant denies the allegations contained in paragraph 106 of the Complaint.

## COUNT II
### Title VII Retaliation

107.    Defendant repeats and realleges its answers to the allegations contained in Paragraphs 1 through 106 above as if fully set forth herein.

108.    Defendant denies the allegations contained in paragraph 108 of the Complaint.

109.    Defendant denies the allegations contained in paragraph 109 of the Complaint.

110.    Defendant denies the allegations contained in paragraph 110 of the Complaint.

111.    Defendant denies the allegations contained in paragraph 111 of the Complaint.

## COUNT III
### Maine Human Rights Act Gender Discrimination

112.    Defendant repeats and realleges its answers to the allegations contained in

Paragraphs 1 through 111 above as if fully set forth herein.

113.    Defendant denies the allegations contained in paragraph 113 of the Complaint.

114.    Defendant denies the allegations contained in paragraph 114 of the Complaint.

115.    Defendant denies the allegations contained in paragraph 115 of the Complaint.

116.    Defendant denies the allegations contained in paragraph 116 of the Complaint.

117.    Defendant denies the allegations contained in paragraph 117 of the Complaint.

118.    Defendant denies the allegations contained in paragraph 118 of the Complaint.

119.    Defendant denies the allegations contained in paragraph 119 of the Complaint.

120.    Defendant denies the allegations contained in paragraph 120 of the Complaint.

121.    Defendant denies the allegations contained in paragraph 121 of the Complaint.

## COUNT IV
### Maine Human Rights Act Retaliation

122.    Defendant repeats and realleges its answers to the allegations contained in

Paragraphs 1 through 121 above as if fully set forth herein.

123.    Defendant denies the allegations contained in paragraph 123 of the Complaint.

124.    Defendant denies the allegations contained in paragraph 124 of the Complaint.

125.    Defendant denies the allegations contained in paragraph 125 of the Complaint.

126.    Defendant denies the allegations contained in paragraph 126 of the Complaint.

## COUNT V
### Violation of Equal Protection

127.    Defendant repeats and realleges its answers to the allegations contained in Paragraphs 1 through 126 above as if fully set forth herein.

128.    Defendant denies the allegations contained in paragraph 128 of the Complaint.

129.    Defendant denies the allegations contained in paragraph 129 of the Complaint.

130.    Defendant denies the allegations contained in paragraph 130 of the Complaint.

131.    Defendant denies the allegations contained in paragraph 131 of the Complaint.

132.    Defendant denies the allegations contained in paragraph 132 of the Complaint.

133.    Defendant denies the allegations contained in paragraph 133 of the Complaint.

WHEREFORE, Defendant demands judgment in its favor, plus costs of suit.

## AFFIRMATIVE DEFENSES

1.    Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

2.    Plaintiffs' Complaint, in whole or in part, fails to state claims upon which relief can be granted.

3.    Plaintiffs' claims are barred by the doctrine of laches, unclean hands, estoppel, and/or waiver.

4.    Plaintiffs have failed to mitigate their damages.

5.    Plaintiffs' claims are barred in whole or in part because Defendant's actions were not the proximate cause of any injury to the Plaintiffs.

6.    Plaintiffs' damages, if any, were caused solely or in substantial part by their own actions and were not the result of discrimination or retaliation by Defendant.

7.    Defendant did not take any adverse actions against Plaintiffs that were motivated by an intent to discriminate and any disciplinary action was supported by circumstances and evidence.

8.    Defendant did not take any adverse actions against Plaintiffs based on any alleged protected conduct and would have taken the same actions absent the protected conduct Plaintiffs allege.

9.    Defendant acted in good faith at all relevant times, and has not violated any rights that may be secured to the Plaintiff under any federal, state, or local laws, rules, regulations or guidelines.

10.    Defendant took reasonable care to prevent the alleged misconduct.

11.    To the extent Defendant knew or should have known of alleged misconduct, Defendant took prompt and appropriate action to address such misconduct, even if Plaintiffs thought the action inadequate.

12.    Plaintiffs unreasonably failed to take advantage of any of Defendant's preventative or corrective opportunities or to avoid harm otherwise.

13.    Defendant breached no duty or obligation owed to Plaintiffs.

14.    Defendant has adequate, non-pretextual justification for its actions.

15.    Plaintiff has failed to state a prima facie case of discrimination or sexual harassment within the meaning of applicable state and federal law.

16.    Plaintiff has failed to state a prima facie case of retaliation within the meaning of applicate state and federal law.

Dated at Portland, Maine this 23rd day of December, 2015.

15

/s/ Edward R. Benjamin, Jr.
Edward R. Benjamin, Jr.

/s/ Kasia S. Park
Kasia S. Park

Attorneys for Defendant
City of Westbrook

DRUMMOND WOODSUM
84 Marginal Way, Suite 600
Portland, ME  04101
(207) 772-1941
ebenjamin@dwmlaw.com
kpark@dwmlaw.com

CERTIFICATE OF SERVICE

I, Edward R. Benjamin, Jr., attorney for City of Westbrook, hereby certify that on December 23, 2015, I electronically filed Defendant City of Westbrook's Answer to Plaintiffs' Complaint and Request for Jury Trial with the Clerk of Court using the CM/ECF system.

/s/ Edward R. Benjamin, Jr.
Edward R. Benjamin, Jr.
Attorney for Defendant
City of Westbrook

DRUMMOND WOODSUM
84 Marginal Way, Suite 600
Portland, ME  04101
(207) 772-1941
ebenjamin@dwmlaw.com