UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| SANDY MAILMAN and<br>MELISSA MAY,<br><br>            Plaintiffs<br><br>v.<br><br>CITY OF WESTBROOK,<br><br>            Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action Docket No. |

**DEFENDANT CITY OF WESTBROOK'S
ANSWER TO PLAINTIFFS' AMENDED COMPLAINT**

NOW COMES Defendant City of Westbrook ("Defendant") and answers Plaintiffs'

Amended Complaint as follows:

**PARTIES**

1.      Defendant admits the allegations contained in paragraph 1 of the Complaint.

2.      Defendant admits the allegations contained in paragraph 1 of the Complaint.

3.      Defendant admits the allegations contained in paragraph 3 of the Complaint.

4.      Defendant admits the allegations contained in paragraph 4 of the Complaint.

5.      Defendant admits the allegations contained in paragraph 5 of the Complaint.

6.      Defendant admits the allegations contained in paragraph 6 of the Complaint.

**PROCEDURAL BACKGROUND**

7.      The allegations contained in paragraph 7 of the Complaint call for a legal

conclusion to which an answer is not required.  To the extent an answer is deemed necessary,

Defendant denies the allegations contained in paragraph 7 of the Complaint.

8.     The allegations contained in paragraph 8 of the Complaint call for a legal conclusion to which an answer is not required.  To the extent an answer is deemed necessary, Defendant denies the allegations contained in paragraph 8 of the Complaint.

9.     Defendant admits the allegations contained in paragraph 9 of the Complaint.

10.    The allegations contained in paragraph 10 of the Complaint call for a legal conclusion to which an answer is not required.  To the extent an answer is deemed necessary, Defendant denies the allegations contained in paragraph 10 of the Complaint.

11.    Defendant admits the allegations contained in paragraph 11 of the Complaint.

12.    Defendant admits the allegations contained in paragraph 12 of the Complaint.

**JURY DEMAND**

13.    The allegations contained in paragraph 13 of the Complaint do not require a response.

**FACTS**

14.    Defendant admits the allegations contained in paragraph 14 of the Complaint.

15.    Defendant admits the allegations contained in the first sentence of paragraph 15 of the Complaint but denies remaining allegations.

16.    Defendant denies the allegations contained in paragraph 16 of the Complaint, as there is no designation of "senior female officer" or "junior female officer."

17.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint because there is no specific time frame referenced and, therefore, denies the same.

18.     Defendant admits the allegations contained in paragraph 18 as to the Police Department but denies that it was city-wide management.

19.     Defendant admits the allegations contained in the first and third sentences of paragraph 19 of the Complaint but denies the remaining allegations contained in paragraph 19 of the Complaint.

20.     Defendant denies the allegations contained in paragraph 20 of the Complaint.

21.     Defendant denies the allegations contained in paragraph 21 of the Complaint.

22.     Defendant admits the allegations contained in the fourth sentence of paragraph 22 of the Complaint but denies the remaining allegations.

23.     Defendant denies that there was a problem with Lt. Nugent singling out Officer Mailman and so denies the allegations contained in paragraph 23 of the Complaint.

24.     Defendant denies the allegations contained in paragraph 24 of the Complaint.

25.     Defendant denies the allegations contained in paragraph 25 of the Complaint.

26.     Defendant denies that she was given a disciplinary "warning" but admits that she was given discipline by being suspended without pay.

27.     Defendant admits that Morrell received no discipline but denies that Morrell lied about counseling Mailman to justify any discipline.

28.     Defendant denies the allegations contained in paragraph 28 of the Complaint.

29.     Defendant admits the allegations contained in the first two sentences of paragraph 29 of the Complaint but denies the remaining allegations contained in paragraph 29 of the Complaint.  Sgt. Roth did not want Mailman to use a marked cruiser because she was on

light duty and without the ability to respond to normal calls.  Sgt. Roth offered Mailman the use

of an unmarked cruiser instead.

30.     Defendant admits that light duty is assigned based on the officer's ability to work

and the needs of the Police Department at the time they are on light duty.  Defendant admits

that Mailman was assigned clerical tasks, because of the department's needs at the time and

the limitations on her ability to work.  Defendant admits that an officer on light duty could be

assigned to the detective bureau, depending on his/her ability to work and department needs

at the time.

31.     Defendant admits that Mailman missed an overtime shift received a letter of

counseling, which is not discipline, but denies the remaining allegations contained in paragraph

31 of the Complaint.

32.     Defendant is without knowledge or information sufficient to form a belief as to

the truth of the allegations contained in paragraph 32 of the Complaint and, therefore, denies

the same.

33.     Defendant admits that Mailman received a letter of counseling, which is

removed from an officer's file after six months without repeat conduct.  Defendant admits that

Mailman received the letter when she returned to work because she had gone out for a lengthy

period of time and the administration waited until she returned to work to provide her the

counseling.

34.     Defendant denies the allegations contained in paragraph 34 of the Complaint.

35.     Defendant admits that Sgt. Desjardin was asked if he knew about Mailman's

plans to go to Disneyland while out on alleged disability and he related what he had read from

her postings on Facebook.  Defendant denies the remaining allegations contained in paragraph 35 of the Complaint.

36.     Defendant admits that May had brought a functional vest from her previous employment and so was not issued a vest by the WPD as would normally be done.  Defendant admits that as a result of that, May was not placed on the list for replacement of her vest as she should have been.  Defendant admits that there were some delays that were the fault of the vendor of the new vest, and not the WPD.  Defendant denies the remaining allegations contained in paragraph 36 of the Complaint.

37.     Defendant denies the allegations contained in paragraph 37 of the Complaint.

38.     Defendant admits the allegations contained in the first sentence of paragraph 38 of the Complaint but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 38 of the Complaint.

39.     Defendant admits the allegations contained in paragraph 39 of the Complaint.

40.     Defendant denies the allegations contained in paragraph 40 of the Complaint.

41.     Defendant denies that Mailman heard what she claims she heard, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 41 of the Complaint and, therefore, denies the same.

42.     Defendant admits the truth of the allegations contained in paragraph 42 of the Complaint.

43.     Defendant admits the truth of the allegations contained in the first sentence of paragraph 43 of the Complaint and that Sgt. Desjardin acknowledged that Mailman was also

prone to using inappropriate language and that all officers needed to stop doing so, including her.

44.     Defendant denies the truth of the allegations contained in paragraph 44 of the Complaint.

45.     Defendant admits the allegations contained in paragraph 45 of the Complaint.

46.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the Complaint and, therefore, denies the same.

47.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the Complaint and, therefore, denies the same.

48.     Defendant denies the truth of the allegations contained in paragraph 48 of the Complaint. May declined to make a formal complaint against anyone, leading to Chief Pardue initiating the investigation himself.  May indicated she was not offended by the word "cunt," except when it was used against her.

49.     Defendant denies the allegations in Paragraph 49 with the exception of the final sentence of Paragraph 49 which it admits.

50.     Defendant admits the allegation in the first sentence of Paragraph 50, but denies the remaining allegations as they are dependent on the truth of the allegation that May filed a complaint, which is denied.  Defendant denies that it was clear that May found Desjardin's comments offensive and denies that the alleged comments were made.

51.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the Complaint and, therefore, denies the same.

52.    Defendant denies the truth of the allegations contained in paragraph 52 of the Complaint.  Officer Monson provided no such information when questioned by the IA investigator.

53.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and fourth sentences of paragraph 53 of the Complaint.  Defendant denies the allegations of the second and third sentences.  Chief Pardue had already opened an IA before any request by Sgt. Gardner.

54.    Defendant denies the allegations contained in paragraph 54 of the Complaint.

55.    Defendant admits that Nugent was the IA officer and that he and Sgt. Desjardin are friends, but denies the remaining allegations contained in paragraph 55 of the Complaint.

56.    Defendant admits the allegations contained in paragraph 56 of the Complaint.

57.    Defendant denies allegations contained in paragraph 57 of the Complaint.

58.    Defendant admits the allegations contained in the first sentence of paragraph 58 of the Complaint but denies the remaining allegations contained in paragraph 58 of the Complaint.

59.    Defendant admits that Lt. Nugent inquired whether Mailman might be a little sensitive to anything that Sgt. Desjardin might do at that point in time and asked her what she wanted to see done.  Mailman said she did not want to see an IA initiated, but thought that Sgt.

Desjardin owed her an apology.  Defendant denies the remaining allegations contained in paragraph 59 of the Complaint.

60.     Defendant admits that Nugent did not speak to May about the back door incident because she was not present.

61.     Defendant admits that Plaintiffs tried to choose their own IA officer but denies the remaining allegations contained in paragraph 61 of the Complaint.

62.     Defendant denies that they were not being helped by Chief Pardue but admit the remaining allegations contained in paragraph 62 of the Complaint.

63.     Defendant admits the allegations contained in the first sentence of paragraph 63 of the Complaint but denies the remaining allegations contained in paragraph 63 of the Complaint.

64.     Defendant denies the allegations contained in the first sentence of paragraph 64 of the Complaint but admits the remaining allegations contained in paragraph 64 of the Complaint.

65.     Defendant denies the allegations contained in paragraph 65 of the Complaint.

66.     Defendant admits the allegations contained in the first sentence of paragraph 66 of the Complaint but denies the remaining allegations contained in paragraph 66 of the Complaint.

67.     Defendant denies the allegations contained in paragraph 67 of the Complaint.

68.     Defendant admits the allegations contained in paragraph 68 of the Complaint, though the IA had been initially completed on 3/12/14.  Followup interviews that Chief Pardue ordered after the initial report was done were the subject of a followup report by Lt. Nugent on

3/28/14.  The IA on the back door incident was initiated on 2/14/14 and Lt. Nugent's report was finished on 3/4/14.  Defendant denies the implication that nothing was being done by the police department administration during this period of time, as alleged.

69.     Defendant admits that Mailman could not be given details of a personnel investigation in which Chief Pardue, not her, was the complainant.

70.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70 of the Complaint and, therefore, denies the same.

71.     Defendant admits the allegations contained in the first and second sentences of paragraph 71 of the Complaint but denies the allegations contained in the third sentence of the paragraph 71 of the Complaint.  The fourth sentence of the Complaint calls for legal conclusion to which an answer is not required.  To the extent an answer is deemed necessary, Defendant denies the allegations contained in paragraph 71 of the Complaint.

72.     Defendant admits the allegations contained in the first sentence of paragraph 72 of the Complaint but denies the remaining allegations contained in paragraph 72 of the Complaint.

73.     Defendant admits that training was held and that two officers had to miss it because of traffic duties at a road construction site for which the police department had previously committed to supply traffic control.

74.     Defendant admits that on April 10, 2014, Mailman emailed to ask about the outcome of any investigation but denies the remaining allegations contained in paragraph 74 of the Complaint.

75.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 75 of the Complaint and, therefore, denies the same.

76.     Defendant admits that the mayor decided to reduce the discipline of one officer to a written reprimand but denies the remaining allegations contained in paragraph 76 of the Complaint.

77.     Defendant admits the meeting was held and that allegations were made by May, but deny the truth of same.

78.     Defendant admits the allegations were made by May and Mailman but deny the truth of same.

79.     Defendant admits the allegations contained in the first, third and fourth sentences of paragraph 79 of the Complaint.  Defendant admits that May said the allegations contained in the fifth and sixth sentences of the Complaint but deny they was true.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the seventh sentence of paragraph 79 of the Complaint and, therefore, denies the same.  Defendant denies the allegations of the second sentence regarding Chief Pardue's timeline being admittedly incomplete.

80.     Defendant admits the first sentence contained in paragraph 80 of the Complaint and denies this was all she was "just" told.

81.     Defendant admits the allegations contained in the first, second and third sentences contained in paragraph 81 of the Complaint but denies the allegations contained in the fourth sentence of paragraph 81 of the Complaint.

82.     Defendant denies the allegations contained in paragraph 82 of the Complaint.

83.     Defendant denies the allegations contained in paragraph 83 of the Complaint.

84.     Defendant admits the allegations contained in paragraph 84 of the Complaint.

85.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 85 of the Complaint and, therefore, denies the same.

86.     Defendant denies the allegations contained in paragraph 86 of the Complaint.

87.     Defendant is without knowledge or information as to allegations contained in the first sentence of paragraph 87 of the Complaint.  Defendant admits the allegations contained in the second sentence of paragraph 87 of the Complaint but denies the remaining allegations contained in paragraph 87 of the Complaint.

88.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 88 of the Complaint and, therefore, denies the same.

89.     Defendant admits the allegations contained in the first sentence of paragraph 87 of the Complaint but denies the remaining allegations contained in paragraph 89 of the Complaint.

90.     Defendant denies the truth of the allegations contained in paragraph 90 of the Complaint.

91.     Defendant denies the truth of the allegations contained in paragraph 91 of the Complaint.

92.     Defendants admit the allegations contained in the first and third sentences of the Complaint but is but is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 92 of the Complaint.

93.     Defendant admits the allegations contained in the first sentence of paragraph 93 of the Complaint but is without knowledge or information sufficient to form a belief concerning the report and states that the report speaks for itself.

94.     Defendant admits the truth of the allegations contained in paragraph 94 of the Complaint and, therefore, denies the same.

95.     Defendant denies the allegations contained in paragraph 95 of the Complaint.

96.     Defendant admits that Mailman claimed that she felt unsafe because she didn't think her co-workers would not back her up on calls at night, but deny remainder of Paragraph 96.

97.     Defendant admits that Mailman was placed initially on paid administrative leave until she was seen by a doctor and then was placed on unpaid Family Medical Leave. Defendant admits that Chief Roberts wanted Mailman to see a psychologist.  Defendant denies the remainder of the allegations in Paragraph 97.

98.     Defendant denies the allegations contained in paragraph 98 of the Complaint.

**COUNT I**
**Title VII Gender Discrimination**

99.     Defendant repeats and realleges its answers to the allegations contained in Paragraphs 1 through 98 above as if fully set forth herein.

100.    Defendant denies the allegations contained in paragraph 100 of the Complaint.

101.    Defendant denies the allegations contained in paragraph 101 of the Complaint.

102.    Defendant denies the allegations contained in paragraph 102 of the Complaint.

103.    Defendant denies the allegations contained in paragraph 103 of the Complaint.

104.    Defendant denies the allegations contained in paragraph 104 of the Complaint.

105.    Defendant denies the allegations contained in paragraph 105 of the Complaint.

106.    Defendant denies the allegations contained in paragraph 106 of the Complaint.

**COUNT II**
**Title VII Retaliation**

107.    Defendant repeats and realleges its answers to the allegations contained in

Paragraphs 1 through 106 above as if fully set forth herein.

108.    Defendant denies the allegations contained in paragraph 108 of the Complaint.

109.    Defendant denies the allegations contained in paragraph 109 of the Complaint.

110.    Defendant denies the allegations contained in paragraph 110 of the Complaint.

111.    Defendant denies the allegations contained in paragraph 111 of the Complaint.

**COUNT III**
**Maine Human Rights Act Gender Discrimination**

112.    Defendant repeats and realleges its answers to the allegations contained in

Paragraphs 1 through 111 above as if fully set forth herein.

113.    Defendant denies the allegations contained in paragraph 113 of the Complaint.

114.    Defendant denies the allegations contained in paragraph 114 of the Complaint.

115.    Defendant denies the allegations contained in paragraph 115 of the Complaint.

116.    Defendant denies the allegations contained in paragraph 116 of the Complaint.

117.    Defendant denies the allegations contained in paragraph 117 of the Complaint.

118.    Defendant denies the allegations contained in paragraph 118 of the Complaint.

119.    Defendant denies the allegations contained in paragraph 119 of the Complaint.

120.    Defendant denies the allegations contained in paragraph 120 of the Complaint.

121.    Defendant denies the allegations contained in paragraph 121 of the Complaint.

## COUNT IV
### Maine Human Rights Act Retaliation

122.    Defendant repeats and realleges its answers to the allegations contained in

Paragraphs 1 through 121 above as if fully set forth herein.

123.    Defendant denies the allegations contained in paragraph 123 of the Complaint.

124.    Defendant denies the allegations contained in paragraph 124 of the Complaint.

125.    Defendant denies the allegations contained in paragraph 125 of the Complaint.

126.    Defendant denies the allegations contained in paragraph 126 of the Complaint.

## COUNT V
### Violation of Equal Protection

127.    Defendant repeats and realleges its answers to the allegations contained in

Paragraphs 1 through 126 above as if fully set forth herein.

128.    Defendant denies the allegations contained in paragraph 128 of the Complaint.

129.    Defendant denies the allegations contained in paragraph 129 of the Complaint.

130.    Defendant denies the allegations contained in paragraph 130 of the Complaint.

131.    Defendant denies the allegations contained in paragraph 131 of the Complaint.

132.    Defendant denies the allegations contained in paragraph 132 of the Complaint.

133.    Defendant denies the allegations contained in paragraph 133 of the Complaint.

WHEREFORE, Defendant demands judgment in its favor, plus costs of suit.

## AFFIRMATIVE DEFENSES

1.      Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

2.      Plaintiffs' Complaint, in whole or in part, fails to state claims upon which relief can be granted.

3.      Plaintiffs' claims are barred by the doctrine of laches, unclean hands, estoppel, and/or waiver.

4.      Plaintiffs have failed to mitigate their damages.

5.      Plaintiffs' claims are barred in whole or in part because Defendant's actions were not the proximate cause of any injury to the Plaintiffs.

6.      Plaintiffs' damages, if any, were caused solely or in substantial part by their own actions and were not the result of discrimination or retaliation by Defendant.

7.      Defendant did not take any adverse actions against Plaintiffs that were motivated by an intent to discriminate and any disciplinary action was supported by circumstances and evidence.

8.      Defendant did not take any adverse actions against Plaintiffs based on any alleged protected conduct and would have taken the same actions absent the protected conduct Plaintiffs allege.

9.      Defendant acted in good faith at all relevant times, and has not violated any rights that may be secured to the Plaintiff under any federal, state, or local laws, rules, regulations or guidelines.

10.      Defendant took reasonable care to prevent the alleged misconduct.

11.      To the extent Defendant knew or should have known of alleged misconduct, Defendant took prompt and appropriate action to address such misconduct, even if Plaintiffs thought the action inadequate.

12.      Plaintiffs unreasonably failed to take advantage of any of Defendant's preventative or corrective opportunities or to avoid harm otherwise.

13.      Defendant breached no duty or obligation owed to Plaintiffs.

14.      Defendant has adequate, non-pretextual justification for its actions.

15.      Plaintiff has failed to state a prima facie case of discrimination or sexual harassment within the meaning of applicable state and federal law.

16.      Plaintiff has failed to state a prima facie case of retaliation within the meaning of applicate state and federal law.

Dated at Portland, Maine this 4th day of January, 2016.


 */s/ Edward R. Benjamin, Jr.*
Edward R. Benjamin, Jr.

*/s/ Jeana M. McCormick*
Jeana M. McCormick

Attorneys for Defendant
City of Westbrook


DRUMMOND WOODSUM
84 Marginal Way, Suite 600
Portland, ME  04101
(207) 772-1941
ebenjamin@dwmlaw.com
jmccormick@dwmlaw.com

16

CERTIFICATE OF SERVICE

I, Edward R. Benjamin, Jr., attorney for City of Westbrook, hereby certify that on January 4, 2016, I electronically filed Defendant City of Westbrook's Answer to Plaintiffs' Complaint and Request for Jury Trial with the Clerk of Court using the CM/ECF system.

*/s/ Edward R. Benjamin, Jr.*
Edward R. Benjamin, Jr.
Attorney for Defendant
City of Westbrook

DRUMMOND WOODSUM
84 Marginal Way, Suite 600
Portland, ME  04101
(207) 772-1941
ebenjamin@dwmlaw.com